UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IN ADMIRALTY

IN THE MATTER OF:

THE COMPLAINT OF M.A. ELVERD AND DEREK ELVERD, AS OWNERS OF THE 1999, 21' BOSTON WHALER IMPACT MODEL, BEARING HULL IDENTIFICATION NUMBER BWCPA068A999 AND REGISTRATION NUMBER FL7887KR FOR EXONERATION FROM OR LIMITATION OF LIABILITY

    Petitioner.

CASE NO.

**COMPLAINT FOR EXONERATION
FROM OR LIMITATION OF LIABILITY**

Petitioner, M.A. ELVERD, LLC., and DEREK ELVERD as Owners of the 1999, 21' Boston Whaler Impact Model, bearing HIN BWCPA068A999 and Florida Registration Number FL-7887KR, her Engine, Tackle, Appurtenances, and Equipment, Etc., (hereinafter the "Vessel"), that is at issue in this case, files this Complaint for Exoneration from or Limitation of Liability and states:

1. This is an admiralty and maritime action within the meaning of Rule 9(h), Federal Rules of Civil Procedure, Title 46 of the United States Code, §§ 30501-30512, and Supplemental Rule F of the Supplemental Rules for Admiralty or Maritime Claims.

2. Jurisdiction is proper pursuant to 28 U.S.C. § 1333 and 46 U.S.C. §§ 30501-30512.

3. Venue is proper in this district because: (1) the events, acts, and circumstances giving rise to this action occurred in waters within or adjacent to this district, *i.e.*, navigable

waters of the United States near Bonita Springs in Lee County, Florida; and (2) the Vessel is and was located within this District.

4. Upon information and belief, the potential claimant(s) against Petitioners and/or the Vessel may include Joseph L. Chapman, whose residence and citizenship status are unknown at the present time.

5. At all material times hereto, Petitioner, M.A. ELVERD, LLC, operated, navigated, captained, crewed, provisioned, and/or controlled the 1999 21' Boston Whaler Impact Model (the "Vessel") and therefore, served as its de facto owner and/or as the Vessel's bareboat charterer.

6. At all material times hereto, Petitioner, DEREK ELVERD, was the title owner of the Vessel.

7. Petitioner, M.A. ELVERD, LLC, is a Florida Limited Liability Company ("LLC"), which maintains its principal place of business in Lee County, Florida.

8. Petitioner, DEREK ELVERD, is an individual who maintains his domicile in Lee County, FL.

9. The Vessel is a 1999 21' Boston Whaler Impact Model, bearing HIN BWCPA068A999 and Florida registration number FL-7887KR.

10. At all times material hereto, the Vessel was seaworthy; properly and efficiently manned, supplied, equipped, and furnished; and well and sufficiently fitted and supplied with suitable machinery, tackle, apparel, and appliances, all in good order and condition and suitable for their intended use.

2

11. The incident that is the subject of this Complaint occurred during a voyage, which began and concluded in waters at or near 27908 Hickory Blvd, Bonita Springs, Florida 34134 on or about July 9, 2021 (hereinafter "Incident").

12. During the voyage of July 9, 2021, the potential claimant, Joseph L. Chapman, engaged in a parasailing tour with his family. Chapman and family boarded the Vessel to travel to and from the parasailing vessel. Upon the conclusion of the parasailing experience, Joseph Chapman returned to shore in the 21' Boston Whaler. Chapman attempted disembarkation into shallow water. However, Chapman mis-stepped and/or otherwise failed to exercise due care for his own safety, which caused him to momentarily catch his foot in some rope. Once freed, Chapman walked away under his own power and without further complaint.

13. As a result of the foregoing, and upon information and belief, Joseph L. Chapman alleges injuries to his person, including but not necessarily limited to his hip. Whether Chapman suffered any additional alleged injuries to his person and/or other alleged damages is unknown at this time.

14. The incident and any ensuing property loss, damages, personal injury, death, and/or casualty were not caused by Petitioners, or any person for whose actions Petitioners are responsible. Neither Petitioners nor the Vessel are liable to any extent, and Petitioners are entitled to exoneration from liability for all losses, damages, injury, and/or death, occasioned and incurred by or as a result of the Incident.

15. Alternatively, and without admitting liability, Petitioners allege that in the event they or the Vessel should be held at fault to any parties by reason of the Incident set forth above, Petitioners claim such fault was occasioned and occurred without the privity or knowledge of

either Petitioner or of any persons whose actions Petitioners are responsible for, at or before the incident.

16. Therefore, and without admitting liability, in the event the Petitioners and/or the Vessel are held responsible to anyone by reason of the matters set forth above, Petitioners claim all benefits of limitation of liability provided in 46 U.S.C. § 30501 *et seq*.

17. Further, and without admitting liability, Petitioners plead the contributory negligence, comparative fault, waiver or release of potential claims against Petitioners, and/or assumption of risk of each potential claimant involved in the alleged incident described herein, including Joseph L. Chapman, whose negligence, knowing waiver and release of claims, and/or assumption of the risk, singularly or in combination, bars and/or mitigates any claimants' right to recover against Petitioners.

18. In fact, Joseph L. Chapman knowingly and intelligently executed a Release of Liability, Assumption of Risk, Waiver of Claims, Indemnification & Binding Arbitration Agreement in favor of M.A. ELVERD, LLC on or about July 9, 2021 before his participation in the parasailing activities. In the waiver and release, Chapman also agreed to a binding arbitration clause. In addition to asserting their rights and defenses under the release, waiver, assumption of risk, and indemnification agreement, Petitioners hereby assert their rights under the arbitration clause and reserve the right to move to stay these proceedings and compel Joseph L. Chapman, the potential claimant, to arbitration to determine matters, including but not limited to the enforcement of the waiver and/or release of all claims and the merits of this petition for exoneration and limitation of liability. Accordingly, Petitioners plead and incorporate by reference herein all provisions and defenses afforded by the waiver and release. A copy of the release is attached hereto as **Exhibit A**.

19. At this time, Joseph Chapman is the only known claimant or potential claimant to have allegedly sustained any loss, damage, death, or injury as a result as of the incident set forth above.

20. Petitioners allege that the amount of damages associated with the potential claims asserted by Joseph Chapman are likely to exceed the amount of Petitioners' interest in the Vessel.

21. The Vessel has a post-casualty value of no more than $32,000.00 with no pending freight. See **Exhibit B** *Affidavit of Value*.

22. Subject to an express reservation of rights, Petitioners file herewith as **Exhibit C** an Ad Interim Stipulation for Costs and Value in the appropriate form, offering stipulation of the Vessel's value in the amount of $32,000.00 (Thirty-Two Thousand and No Cents).

23. Should the Court require it, Petitioners are prepared to give bond, stipulation, or another form of security for any amount this Court may later ascertain or determine to be fair market value of Petitioners' interest in the Vessel and as provided by the laws of the United States and Federal Rules of Civil Procedure.

24. Petitioners received initial written notice of a potential claim from Joseph L. Chapman on or about July 23, 2021. Accordingly, this Complaint is timely filed within six months of Petitioners' receipt of the first written notice of a potential claim against them, arising from the subject incident and subject to exoneration from or limitation of liability.

WHEREFORE Petitioners, M.A. ELVERD, LLC., and DEREK ELVERD, who at all material times were and are the Vessels' owners, respectfully request that this Court:

(a) Having filed the *Ad Interim* Stipulation for Costs and Value herein described, this Court issue notice to all persons, firms, or corporations asserting claims for any and all losses,

damages, injuries, death, and/or destruction with respect to which Petitioners seek exoneration from or limitation of liability admonishing them to file their respective claims with the Clerk of this Court and to serve on Petitioners' attorneys a copy thereof, on or before the date specified in the notice;

(b) Having filed the *Ad Interim* Stipulation for Costs and Value herein described, this Court issue an injunction, per Supplemental Admiralty Rule F(3), restraining the commencement or prosecution of any action or proceeding of any kind against Petitioner, its underwriters, or any of its property with respect to any claim for which Petitioners seek exoneration from or limitation of liability, including any claim arising out of or connected with any loss, damage, injuries, death, or destruction resulting from the incident described in this Complaint;

(c) If any claimant who filed a claim shall also file an exception contesting the value of the Vessel or its pending freight, if any, as alleged herein, and the amount of the *Ad Interim* Stipulation for Costs and Value, this Court shall order an appraisement of the value of the Vessel following the loss, the value of Petitioners' interest therein and pending freight, if any, per Supplemental Admiralty Rule F(3), and enter an Order for the filing of an amended stipulation for the aggregate value, as so determined;

(d) That this Court adjudge Petitioners and the Vessel, and its owners, masters, crew, employees, and agents, not liable whatsoever for any losses, damages, injuries, death, and/or destruction, or for any claim whatsoever done, occasioned or incurred as the result of the incident; or, in the alternative, if the Court should adjudge that Petitioner is liable in any amount whatsoever, that said liability should be limited to the value of Petitioners' interest in the Vessel, and should be *derived pro rata* among such claimants; and that a judgment be entered discharging Petitioners and the Vessel of and from any and all further liability and forever

enjoining and prohibiting the filing or prosecution of any claims against Petitioners or their property as a result of or in connection with the Incident; and

(e) This Court grant Petitioner such other and further relief that justice may require.

Respectfully submitted,

*s/Christopher B. Smith*

J. Michael Pennekamp
Fla. Bar No. 983454
jmp@fowler-white.com

Christopher B. Smith
Fla. Bar No. 0121925
csmith@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:   (305) 789-9200
Facsimile:   (305) 789-9201
*Attorneys for Petitioner*